IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT M. WILSON, #206-550 *
Petitioner
*
v. CIVIL ACTION NO. JFM-04-2776
*
RONALD HUTCHINSON, et al.,
Respondents *
******

**MEMORANDUM**

On August 24, 2004, petitioner Robert M. Wilson filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for assault with intent to murder, burglary, and related offenses entered in 1978 in the Circuit Court for Carroll County.[1] Paper No. 1. On January 19, 2005, respondents filed an answer to petitioner's application for habeas relief solely addressing the timeliness of the application. Paper No. 6. Petitioner has filed several responses.[2] Paper Nos. 13, 15, 17, 21, 22, 24 and 36.[3]

Petitioner has also requested the issuance of subpoenas. He seeks to have newspaper articles, court records, and state police records produced. Paper Nos. 17, 20, 29, 36, 37 and 38. The requests shall be denied. Petitioner's stated basis for the discovery of this information surrounds his

---

[1]The petition complains of events preceding his 1978 trial. Specifically, petitioner contends that his removal from federal custody by state police for an arraignment in the Circuit Court for Carroll County violated his right to a rendition hearing and his rights under the Interstate Agreement on Detainers Act thus voiding his conviction. Paper No. 1.

[2]Several responses were docketed as correspondence. The court has reviewed all of petitioner's submissions regardless of how docketed.

[3]In his "Traverse," petitioner raises an argument concerning the calculation of his sentence. Paper Nos. 17, 24 and 36. He claims that the Maryland Division of Correction has improperly computed the commencement of his Carroll County sentence and the amount of "time served" credits to be applied to that sentence. *Id.* These claims, apparently exhausted by petitioner in the Maryland courts, were not raised in the original petition and as such not addressed by respondents. The claims regarding the execution of his sentence are not properly before the court. Claims regarding execution of a sentence are most properly brought in a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The Clerk shall be directed to forward to petitioner the proper forms for filing such a claim.

contention that he was tried in Talbot County prior to being tried in Carroll County and that someone has intentionally switched the trial dates in official court documents. Petitioner maintains that he was convicted and sentenced in Talbot County in December of 1978, prior to his trial in Carroll County, which he maintains occurred in January of 1979. Whether petitioner was tried in Carroll county in December, 1978 or January, 1979, is immaterial to the instant proceedings. Petitioner does not contest that his Carroll County convictions became final in 1980 upon the conclusion of his direct appeal. Accordingly, the production of the records sought by petitioner would not aid his case and the requests shall be denied.

Petitioner's convictions were entered in December, 1978, and he was sentenced in January of 1979.[4] Paper No. 9. The convictions were affirmed by the Court of Special Appeals of Maryland on February 27, 1980. Paper No. 9, Ex. 2. Petitioner did not file a petition under Maryland's Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq, attacking these convictions. He did institute state habeas corpus proceedings regarding his Carroll County sentence on June 19, 2002.[5] *Id*., Ex. 4.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. 28 U.S.C. §

[4]As noted, supra, petitioner also stood trial in the Circuit Court for Talbot County during this time frame. He maintains that the trial dates for the Talbot County and Carroll County cases have been switched in official government records in an effort to undermine claims advanced by him in his state proceedings. Such claims are not before this court. Moreover, the sequencing of the Talbot County and Carroll County trials does not impact on this court's consideration of the timeliness of the petition.

[5]The court need not consider whether state habeas proceedings toll AEDPA's limitations period.

2244(d).[6] Although the statute is silent as to how it should be applied to persons such as petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one year period is, however, tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions entered by the Circuit Court for Carroll County became final in 1980, upon completion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-202. Between

---

[6]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

April 24, 1996, and June 19, 2002, Petitioner had no post-conviction or other proceedings pending which would have served to toll the one year limitation period. *See* 28 U.S.C. § 2244(d)(2). Petitioner has offered no arguments in favor of equitable tolling of the limitations period: rather, petitioner maintains that the instant case is not truly a habeas petition but rather a petition for coram nobis. Paper No. 17. Ordinarily, a federal court may grant a writ of error coram nobis to vacate a conviction: after a sentence has been served; where an error of the most fundamental character compels such action to achieve justice; and where no alternative remedy is available. *See United States v. Morgan*, 346 U.S. 502 (1954); *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). None of these reasons exists in the instant case, and accordingly, coram nobis relief is not warranted here. A separate Order will be entered denying the petition as time barred under 28 U.S.C. § 2244(d).[7]

September 28, 2005
Date

/s/
J. Frederick Motz
United States District Judge

[7]Petitioner has also filed motions for clarification of the docket. Paper Nos. 35 and 38. The motions will be denied to the extent he seeks explanations for each docket entry. Petitioner has previously been provided copies of the docket entries. He is advised however, that the court has received and reviewed his numerous "Traverses" and exhibits attached thereto.